**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

ARELEE WELLS AND LIBERTY MUTUAL          CIVIL ACTION NO. 08-0079
FIRE INSURANCE COMPANY

VERSUS                                                          JUDGE S. MAURICE HICKS, JR.

GENERAL ELECTRIC COMPANY                      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is Defendant General Electric Company's ("GE") Motion to Dismiss
Non-LPLA Claims Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Record Document
5).  GE seeks dismissal of any and all of Plaintiffs' claims that are outside the Louisiana
Products Liability Act ("LPLA").  Plaintiffs oppose the motion.  See Record Document 14.
For the reasons which follow, the Motion to Dismiss is **GRANTED IN PART AND DENIED
IN PART**.

**RELEVANT BACKGROUND**

Plaintiffs Arelee Wells and Liberty Mutual Fire Insurance Company filed a state court
petition on December 5, 2007.  See Record Document 1-2.  GE removed the case to this
Court and a Removal Order was entered on January 25, 2008.  See Record Document 1.

The petition alleges that Plaintiff Arelee Wells purchased a clothes dryer in 2006
that was manufactured by GE.  See id., ¶¶ 6, 9.  Plaintiffs further allege that on or around
December 9, 2006, the dryer failed as a result of a defect, causing a fire.  See id., ¶ 8.
Plaintiffs seek damages, contending that the fire damaged Plaintiff Arelee Wells' real and

personal property.  <u>See id.</u>, ¶ 11.[1]

The petition contains headings which list the causes of action asserted against GE: "Manufacturer's Product Liability:  Negligence" and "Manufacturer's Product Liability:  Strict Liability."  <u>See id.</u>, Headings A & B.  While the petition mentions "negligent design," "negligent manufacturing," and "strict liability," it also specifically references the LPLA and redhibition.  <u>See id.</u>, ¶¶ 13-24.

## LAW AND ANALYSIS

### I.      Rule 12(b)(6) Standard.

In order to survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face."  <u>In re Katrina Canal Breaches Litigation</u>, 495 F.3d 191, 205 (5th Cir. 2007), citing <u>Bell Atl. Corp. v. Twombly</u>, --- U.S. ---, 127 S.Ct. 1955, 1974 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  <u>Id.</u>  Yet, if the allegations set forth in the complaint, even if true, could not raise a claim of entitlement to relief, the court will expose the basic deficiency "at the point of minimum expenditure of time and money by the parties and the court."  <u>Cuvillier v. Taylor</u>, 503 F.3d 397, 401 (5th Cir. 2007).

### II.     Exclusivity of the LPLA.

The LPLA provides "the exclusive theories of liability for manufacturers for damage caused by their products."  La. R.S. 9:2800.52.  Under the LPLA, a plaintiff cannot recover from a manufacturer for damage caused by a product on the basis of any theory of liability.

---

[1]Arelee Wells had an insurance agreement with Liberty Mutual Fire Insurance Company, which partially covered the fire losses she incurred.

<u>See id.</u>  Further, liability attaches to a manufacturer of a product only if the plaintiff's damages are "proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product."  La. R.S. 9:2800.54(A).  The LPLA sets forth four exclusive theories of recovery against a manufacturer:  (1) defect in construction or composition; (2) defect in design; (3) inadequate warning; or (4) failure to comply with an express warranty.  <u>See</u> La. R.S. 9:2800.54(B)(1-4).

Generally, Louisiana courts have "held the LPLA subsumes all possible causes of action, ***with the exception of a claim in redhibition***."  <u>Touro Infirmary v. Sizeler Architects</u>, 2004-2210 (La.App. 4 Cir. 11/21/06), 947 So.2d 740, 744 (citations omitted) (emphasis added).  Federal courts applying Louisiana law have also applied this principle. <u>See</u> <u>Borskey v. Medtronics</u>, No. Civ.A. 94-2302, 1998 WL 122602, *4 (E.D.La. March 18, 1998) ("The LPLA does not preclude recovery from a manufacturer for damages for economic loss due in a redhibition claim. . . . Although redhibition is not available as a theory of recovery for personal injury, it is still viable against the manufacturer to recover pecuniary loss."); <u>Jefferson v. Lead Industries Ass'n, Inc.</u>, 930 F.Supp. 241, 244-245 (E.D.La. 1996) ("While the statutory ways of establishing that a product is unreasonably dangerous are predicated on principles of strict liability, negligence, or warranty, respectively, neither negligence, strict liability, nor breach of express warranty is any longer viable as an independent theory of recovery against a manufacturer. . . . Further, breach of implied warranty or redhibition is not available as a theory of recovery for personal injury, although a redhibition action is still viable against the manufacturer to recover pecuniary loss.").

Plaintiffs have plead enough facts in their petition to state a claim for relief under both the LPLA and redhibition.  See In re Katrina Canal Breaches Litigation, 495 F.3d at 205.  Paragraph 19 of the petition states:

> GE's negligent design and/or negligent manufacturing of the Dryer made the Dryer defective and unreasonably dangerous in violation of the Louisiana Products Liability Act.

Record Document 1-2, ¶ 19.  While paragraph 23 alleges that GE "breached the implied warranty of fitness," it also specifically refers to "redhibition."  See id., ¶ 23.  Plaintiffs argue that the mere use of the word "negligence" does not indicate their desire to assert negligence as an independent theory of recovery.  The Court agrees and, in fact, Plaintiffs repeatedly stated in their opposition to the Motion to Dismiss that they are "only seeking recovery under the LPLA and redhibition."  Record Document 14 at 1, 3, 4, 5.  Plaintiffs also note that "Louisiana case law makes [it] clear that [they] may maintain their redhibition claim along with their LPLA claims."  Id. at 4.

Based on the line of cases set forth above, Plaintiffs can maintain their LPLA claims, along with a redhibition claim to recover pecuniary loss.  See Touro Infirmary, 947 So.2d at 744; Borskey, 1998 WL 122602, *4; Jefferson, 930 F.Supp. at 244-245.  Thus, the Motion to Dismiss is granted to the extent that all claims set forth in the petition that are outside the LPLA or redhibition are dismissed with prejudice.  However, the Motion to Dismiss is denied as to Plaintiffs' redhibition claim, which is technically beyond the scope of the LPLA.

## CONCLUSION

The Court finds that Plaintiffs' LPLA claims and redhibition claim to recover pecuniary loss may proceed.  Any claims set forth in Plaintiffs' petition that are outside the

LPLA or redhibition are dismissed with prejudice.

Accordingly, GE's Motion to Dismiss Non-LPLA Claims Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Record Document 5) is **GRANTED IN PART AND DENIED IN PART**.  An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 8th day of May, 2008.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE